Alward *v.* Alward.

---

ANNA E. ALWARD, petitioner,

*v.*

LEWIS O. ALWARD.

[Filed September 29th, 1903.]

When a husband leaves his wife without indicating at the time, by word or act, that he intended to desert her, such intent may be established by proof justifying the inference that he thereafter remained alive and free and able to return to her.

On petition for divorce.

*Mr. James J. Bergen,* for the petitioner.

MAGIE, CHANCELLOR.

In this cause, which was undefended, the master to whom the matter was referred reported that petitioner's proofs made out the willful and continued desertion charged in the petition.

Upon examination of the proofs it appeared that defendant, at the time of the alleged desertion, was living with petitioner and was employed by a railroad company. On that morning he left the place of residence as if to go to his work, and did not indicate by any word or act that he did not intend to return.

Alward *v.* Alward.

He did not take with him or remove any of his clothes or belong-- ings. From that time he remained absent and without com- municating with his wife, the petitioner.

In the case of *Sweeny* v. *Sweeny, 17 Dick. Ch. Rep. 357,* the evidence disclosed that the husband, who was charged with de- sertion, had left his wife under similar circumstances, and had remained away for the statutory period. A divorce was refused, on the ground that such evidence was insufficient to establish willful and obstinate desertion in the absence of proof from which it could be found or inferred that the husband remained alive and was free and able to return to his wife if he desired to do so.

In the case in hand the evidence clearly shows that petitioner, upon the failure of defendant to return on the day he left, imme- diately set on foot a search for him. The search was made by her and friends of both parties. It was apparently made in good faith, and it was continued and persisted in for a reason- able time. It included an examination of places in which his body would be likely to be found if he had met with accident in his dangerous employment, or if he had taken his own life. It also included places where he had been accustomed to resort. A careful review of the evidence satisfies me that it justifies the inference that defendant remained alive. If that inference be adopted, the evidence showing that he was last seen in a locality in this state not far from his residence, in his ordinary condition of health, justifies the further inference that he was free and able to return to his wife if he desired to do so. His continued and unexplained absence thereafter brings the case within the doctrine laid down in *Sergent* v. *Sergent, 6 Stew. Eq. 204; S. C., 9 Stew. Eq. 644,* to the effect that a husband who had left his wife without any word or act indicating intent to desert her, was shown to have entertained that intent, by proof that he was alive and able to return to her if he chose; but that he had continuously remained away from her.

The master's report will be affirmed, and a decree made.